39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anita POTTER, Plaintiff-Appellant,
v.
Ernie CANNADY, John Lane, Ralph Roberts, Earl Wilson,
Individuals; Officers of the City of Rio Dell;
State of California; and City of Rio
Dell, et al., Defendants-Appellees.
 No. 93-15895.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Nov. 4, 1994.
 
 Before: SCHROEDER, FERGUSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anita Potter's action pursuant to 42 U.S.C. Sec. 1983 alleges that the city of Rio Dell violated plaintiff-appellant's constitutional rights when the city first demoted her from her position as city clerk and subsequently eliminated the position altogether. The crux of her complaint is that these actions were taken in retaliation for her exercise of collective bargaining rights.
 
 
 3
 The district court granted summary judgment to the defendants, ruling that Potter had not established a genuine issue of material fact as to the city's motivation in demoting her. The city offered evidence that Potter had been demoted because her performance was deficient. This was supported, inter alia, by the decision of the Administrative Law Judge in her grievance proceeding. The ALJ found that her performance had been deficient but ruled that she should be reinstated because of procedural irregularities in her termination. The strongest evidence Potter proffered were taped transcripts of telephone conversations between several of the defendants that reflected the city's clear desire to demote her but did not reflect that any constitutionally protected activity caused the defendants' animus against Potter. The district court therefore properly granted summary judgment on this issue.
 
 
 4
 The district court also ruled that Potter had not shown any violation of a property or liberty interest in not being demoted from her first employment as city clerk. Any property interest implicated by her demotion was remedied by her being afforded grievance remedies that led to her reinstatement. The district court correctly found that Potter had not produced evidence to support a finding that her liberty interests had been infringed. Charges of incompetence do not give rise to a liberty interest infringement. Federal Deposit Insurance Corp. v. Henderson, 940 F.2d 465, 477 (9th Cir.1991).
 
 
 5
 Potter's proposed supplemental complaint alleges that the city's decision to eliminate the clerk position and its subsequent demotion of Potter to a half-time, no-benefits position constituted improper retaliation against Potter for the initial filing of her suit. The district court dismissed the supplemental complaint on legislative immunity grounds and thus did not consider the timeliness of Potter's request.
 
 
 6
 Potter submitted her proposed supplemental complaint nearly one year after she filed her original complaint and more than seven months after the events that allegedly gave rise to the supplemental claims. Additionally, Potter filed the proposed supplemental complaint one day before the deadline on which defendants had to file their summary judgment papers. Because we affirm the dismissal of the proposed supplemental complaint on the ground that the submission was untimely, we need not reach the question of whether immunity insulates the elimination of the clerk position and the demotion of Potter out of seniority order.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3